UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SCOTTSDALE INSURANCE COMPANY,

    Plaintiff,

v.

GEEBO, LLC, JAMES W. PAPPAS, and the
ESTATE OF ATKEEM STEVENSON,

    Defendants.

Case No. 2:21-cv-01001

---

### DEFENDANTS GEEBO, LLC AND JAMES W. PAPPAS'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

---

Defendants, Geebo, LLC and James W. Pappas, by their attorneys, Meuler Law, LLC, hereby answer Plaintiff's Complaint as follows.

### I. NATURE OF THE CASE:

1. Scottsdale brings this action to enforce the binding settlement agreement between Scottsdale and Stevenson, which Stevenson attempted to repudiate. Alternatively, Scottsdale seeks to obtain a judicial declaration that the $25,000 Each Event limit under the subject insurance policy's Assault and/or Battery Limited Liability Coverage (Limited to Designated Premises) Endorsement is the only insurance coverage available under the policy for the April 18, 2021 shooting incident that gives rise to Stevenson's wrongful death claim.

**ANSWER:** **Aver that no response is required to this summary of the Complaint. To the extent this paragraph contains allegations against Geebo and Pappas, the allegations are denied.**

### THE PARTIES

2. Plaintiff Scottsdale is a corporation organized under the laws of Ohio with its principal place of business in Scottsdale, Arizona.

**ANSWER:** **Lack information or knowledge sufficient to either admit or deny.**

3. Defendant Geebo, LLC is a limited liability company organized under the laws of Wisconsin, with its principal place of business in Kenosha, Wisconsin. Its members are Thomas and Peter Gochis, each of whom is a citizen of Wisconsin.

**ANSWER:** **Admit.**

4. Defendant, Frankie Ovando as Special Administrator for the Estate of Atkeem Stevenson is a citizen of Wisconsin.

**ANSWER:** **Lack information sufficient to either admit or deny.**

5. Defendant, James Pappas is the landlord of Geebo and an additional insured under the subject insurance policy. He is a citizen of Illinois and is named herein as an interested party.

**ANSWER:** **Admit.**

## JURISDICTION AND VENUE

6. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

**ANSWER:** **Lack information regarding the citizenship of all parties and therefore lack information sufficient to either admit or deny.**

7. Diversity jurisdiction exists in this matter because, first, there is complete diversity of citizenship between Scottsdale, on the one hand, and Geebo, Stevenson and Pappas, on the other hand. Second, the amount in controversy well exceeds $75,000 because the cost to defend, and potentially indemnify, Geebo against a wrongful death lawsuit by Stevenson, should the settlement not be enforced, would easily exceed $75,000. Plus, the difference between what Stevenson contends he is entitled to recover from Scottsdale as indemnification for Geebo against a wrongful death claim, and what Scottsdale contends is the total available policy limit for Stevenson's wrongful death claim is $1,975,000.

**ANSWER:** **Admit that the amount in controversy exceeds $75,000.00, lack information regarding the citizenship of all parties and therefore lack information sufficient to either admit or deny.**

8. Venue is appropriate under 28 U.S.C. § 1391 because Geebo's principal place of business is in this district; the formation, issuance, delivery, and execution of the subject insurance policy occurred in this district; and the underlying shooting incident for which insurance coverage is sought took place in this district.

**ANSWER:** Admit that if diversity jurisdiction exists, venue is appropriate in this Court. Deny any allegations with respect to the underlying incident.

## FACTS

9. Scottsdale issued Geebo a commercial general liability insurance policy, No. CPS7307217, for the policy period of February 9, 2021, to February 9, 2022 ("Policy"). A true and correct copy of the Policy is attached hereto and incorporated herein as Exhibit A.

**ANSWER:** Admit.

10. Pappas is named as an additional insured under the Policy.

**ANSWER:** Admit.

11. The Policy contains the following Insuring Agreement with respect to bodily injury coverage under Coverage A, which is subject to a limit of $1 million per occurrence and a $2 million general aggregate:

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"…to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury"…to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   (1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

   (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

**ANSWER:** Admit that this allegation quotes a portion of the Policy and deny allegations inconsistent with Plaintiff's obligations under the Policy.

12. The Policy contains the following Insuring Agreement with respect to personal and advertising injury coverage under Coverage B, which is subject to a limit of $1 million per person or organization and a $2 million general aggregate:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

        (1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

        (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payments of judgents or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly performed for under Supplementary Payments – Coverages A and B.

    **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**ANSWER:** **Admit that this allegation quotes a portion of the Policy and deny allegations inconsistent with Plaintiff's obligations under the Policy.**

13. The Policy defines "personal and advertising injury" as, in pertinent part, "False arrest, detention or imprisonment."

**ANSWER:** **Admit that this allegation quotes a portion of the Policy and deny allegations inconsistent with Plaintiff's obligations under the Policy.**

14. Coverage under Coverages A and B of the Policy is modified by the following Assault and/or Battery Limited Liability Coverage (Limited to Designated Premises) Endorsement(GLS-285s (4-18)) ("A&B Endorsement"), which states:

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY PART ERRORS AND OMISSIONS COVERAGE PART LIQUOR LIABILITY COVERAGE PART**

\*\*\*

Except as provided by this endorsement, this policy does not apply to "injury," "bodily injury," "property damages," "damages" or "personal and advertising injury" arising from:

\*\*\*

3. Assault and/or Battery committed by:

   a. Any insured;
   b. Any employee/"employee" of any insured; or
   c. Any other person.

4. The failure to suppress or prevent Assault and/or Battery by any person in **3.a.-c.** above;

5. The selling, serving or furnishing of alcoholic beverages which results in an Assault and/or Battery; or

6. The negligent:

   **a.** Employment;
   **b.** Investigation;
   **c.** Supervision;
   **d.** Hiring;
   **e.** Training;

5

      **f.**    Monitoring;
      **g.**    Reporting to the proper authorities, or failure to so report; or
      **h.**    Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraphs **3.** and **4.** above.

We will have no duty to defend any "suit" against you seeking "damages" as a consequence of any such injury unless coverage is provided by this endorsement.

The coverage provided is described below:

**INSURING AGREEMENTS**

For the premium shown below, we agree to afford coverage with respect to Assault and/or Battery Liability only as indicated on this endorsement and subject to the provisions as set forth in this endorsement at liability limits of $25,000 Each Event and $50,000 Aggregate....

1. **COVERAGES-ASSAULT AND/OR BATTERY LIABILITY**

   We will pay on your behalf all sums which you shall become legally obligated to pay as damages because of "injury," "bodily injury," "property damage," "damages" or "personal and advertising injury" to any person arising out of Assault and/or Battery only if the "injury," "bodily injury," "property damage," "damages" or "personal and advertising injury";

   a.    Takes place at the designated premises; and

   b.    Occurs during the policy period.

   We will have the right and duty to defend any suit against you seeking such "damages," even if any of the allegations of the suit are groundless, false or fraudulent and may make such investigation and such settlement of any claim or suit as we

6

Case 2:21-cv-01001-BHL   Filed 06/08/22   Page 6 of 12   Document 15

deem expedient, but we shall not be obligated to pay any claim or judgment or to defend any suit after the applicable Limit of Liability shown in this endorsement has been exhausted. However, we will have no duty to defend the insured against any suit seeking "damages" to which this insurance does not apply.

\*\*\*

4. **LIMITS OF LIABILITY**

Regardless of the number of insureds under this policy, our liability is limited as follows:

The Limit of Liability stated in this endorsement as applicable to each "Event" is the most we will pay for all damages arising out of "injury," "bodily injury," ... [or] "personal and advertising injury" ... because of assault and/or battery, regardless of the number of insureds, persons injured, claims made or suits brought or persons or organizations making claims or bringing suits. The Limit of Liability stated above as Aggregate, subject to the above provision regarding each Event, is the total limit of our liability under this coverage for all "damages" in any policy period.

**ANSWER:** **Admit that this allegation quotes a portion of the Policy and deny allegations inconsistent with Plaintiff's obligations under the Policy.**

15. "Event" is defined as "an act or series of acts based on or arising out of the same assault and/ or battery."

**ANSWER:** **Admit that this allegation quotes a portion of the Policy and deny allegations inconsistent with Plaintiff's obligations under the Policy.**

### UNDERLYING SHOOTING INCIDENT

16. On July 8, 2021, counsel for Stevenson sent a demand to Scottsdale to settle a wrongful death claim brought by the "Family of Atkeem Stevenson" against Geebo for the "policy limit," subject to a 14-day deadline. The demand also included conditions of written acceptance, and within 10 days, "an affidavit from an authorized officer [of Scottsdale] ... swear[ing] to the applicable policy limits for this loss" and payment of the policy limits to

Mickelsen Dalton, LLC. A true and correct copy of the July 8, 2021 letter from Stephen Mickelsen to Debbie Rosenthal is attached hereto and incorporated as **Exhibit B**.

**ANSWER:** **Admit Exhibit B is a copy of a July 8, 2021 letter, deny allegations inconsistent with the letter or Plaintiff's obligations under the Policy.**

17. The letter alleged that, on April 17, 2021, Mr. Stevenson was a patron at Geebo's establishment, the Somers House Tavern, while Rakayo Vinson, another patron, was removed from inside the Somers House Tavern following an altercation.

**ANSWER:** **Deny allegations inconsistent with language in the letter or with subsequent correspondence, or with Plaintiff's obligations under the Policy.**

18. The letter further alleged that in the early hours of April 18, 2021, Mr. Vinson returned to the Somers House Tavern with a firearm and shot into the crowded establishment, killing Mr. Stevenson.

**ANSWER:** **Deny allegations inconsistent with language in the letter or with subsequent correspondence, or with Plaintiff's obligations under the Policy.**

19. On July 22, 2021, counsel for the Estate extended the deadline for Scottsdale to accept the demand to settle for the "policy limit" until August 5, 2021 in exchange for a complete copy of the Policy, which Scottsdale provided the same day. A true and correct copy of the July 22, 2021 email exchange between Deborah Rosenthal and Stephen Mickelsen is attached hereto and incorporated herein as **Exhibit C.**

**ANSWER:** **Admit that Exhibit C is a copy of a July 22, 2021 email exchange, deny allegations inconsistent with Exhibit C or other communications.**

20. Even though counsel for the Estate had a complete copy of the Policy, counsel asked Scottsdale no questions about what the applicable "policy limit" was and never clarified that the demand was for a particular amount.

**ANSWER:** **Lack information upon which to base a response, and therefore deny.**

21. On August 5, 2021, Scottsdale accepted the settlement offer and notified counsel for the Estate that it would promptly pay the $25,000 policy limit, the only coverage available under the Policy, for the shooting incident. A true and correct copy of the August 5, 2021 email and letter enclosure from Deborah Rosenthal to Stephen Mickelsen is attached hereto and incorporated herein as **Exhibit D.**

**ANSWER:** Admit that Exhibit D is a copy of an email and letter enclosure, deny remaining allegations.

22. Scottsdale was prepared to timely pay the $25,000 policy limit and provide the affidavit of an officer of Scottsdale swearing to the applicable policy limit

**ANSWER:** Deny.

23. The following day, on August 6, 2021, counsel for the Estate repudiated Scottsdale's acceptance of the settlement demand and issued a revised demand for $2,000,000, subject to the exact same conditions as the July 8, 2021 demand. A true and correct copy of the August 6, 2021 email from Stephen Mickelsen to Deborah Rosenthal and Julie Smith is attached hereto and incorporated herein as **Exhibit E.**

**ANSWER:** Admit that Exhibit E is a copy of the August 6, 2021 email, deny allegations inconsistent therewith or with Plaintiff's obligations under the Policy.

**COUNT 1: ENFORCEMENT OF BINDING SETTLEMENT AGREEMENT**

24. Scottsdale incorporates by reference paragraphs 1-23 above as if fully stated herein.

**ANSWER:** Geebo and Pappas incorporate their responses to paragraphs 1-23 above.

25. Scottsdale timely accepted the Estate's settlement offer, including its material terms, and was prepared to timely satisfy all conditions of the Estate's demand prior to the Estate's August 6, 2021 repudiation of the settlement.

**ANSWER:** Deny.

26. The Estate's August 6, 2021 repudiation was invalid and/or moot.

**ANSWER:** Deny.

27. Scottsdale is entitled to enforcement of the settlement agreement.

**ANSWER:** Deny.

**COUNT II: DECLARATORY JUDGMENT AS TO EXHAUSTION OF THE AVAILABLE POLICY LIMIT**

28. Scottdale incorporates by reference paragraphs 1-23 above as if fully stated herein.

9

**ANSWER:** Geebo and Pappas incorporate their responses to paragraphs 1-27 above.

29. The total applicable policy limit is $25,000 for claims resulting from the April 18, 2021 shooting incident.

**ANSWER:** Deny.

30. The Policy's A&B Endorsement excludes all coverage under Coverages A and B for any alleged "bodily injury," including the death of Mr. Stevenson, and any alleged "personal and advertising injury," including restraints on Mr. Stevenson's movement caused by Mr. Vinson, because they arose from or are otherwise intertwined with an assault and/or battery, *i.e.,* the shooting.

**ANSWER:** Deny.

31. The A&B Endorsement further applies to the alleged failure by Geebo to prevent the assault and/or battery; Geebo's serving or selling alcohol, which allegedly results in the assault and battery; and Geebo's alleged negligent supervision, training, hiring, or reporting to the proper authorities of any person.

**ANSWER:** Deny.

32. The A&B Endorsement's $25,000 Each Event limit applies to the Estate's claims because Mr. Stevenson's injuries and death result from the shooting, which is either a single act or series of acts based on or arising out of a single assault and/or battery.

**ANSWER:** Deny.

33. Once Scottsdale pays Stevenson the $25,000 it owes pursuant to the settlement, all of Scottsdale's obligations under the Policy, with regard to the shooting incident, will have been exhausted. In turn, Scottsdale will have no duty to defend or indemnify Geebo with respect to any claims that may arise from the April 18, 2021 shooting.

**ANSWER:** Deny.

34. Scottsdale has no obligations to Pappas under the A&B Endorsement, as its coverage grant applies only to the named insured, and not any additional insured.

**ANSWER:** Deny.

35. An actual controversy exists between Scottsdale, Geebo, Pappas, and the Estate, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28

U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

**ANSWER:** **This allegation states a legal conclusion to which no response is required. To the extent a response is required, deny.**

### AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.
2. Plaintiff's Complaint mischaracterizes or fails to state the entirety of the claims being made by the Estate of Atkeem Stevenson against Geebo.
3. Plaintiff owes Geebo and Pappas a duty to defend under the Policy.
4. Plaintiff may have failed to join necessary parties.
5. Geebo and Pappas reserve the right to assert affirmative defenses that may be asserted by other defendants.
6. Geebo and Pappas reserve the right to amend these affirmative defenses as further information is discovered in the case.

WHEREFORE, Geebo, LLC and James W. Pappas respectfully request that the Court deny all relief requested by Plaintiff Scottsdale Insurance Company in its Complaint, enter judgment in their favor including costs and attorneys' fees, and provide such other relief as the Court deems appropriate.

Dated this 7th day of June, 2022.

/s/ *Christopher M. Meuler*
Christopher M. Meuler (WI SBN: 1037971)
MEULER LAW, LLC
10425 W. North Ave, Suite 350
Wauwatosa, WI 53226
T: 414-305-7029
E: chris@meulerlaw.com

*Attorneys for Defendants, Geebo, LLC and James Pappas*

12