UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SCOTTSDALE INSURANCE COMPANY

        Plaintiff,

-vs-                                                 Case No: 2021-cv-1001-bhl

GEEBO, LLC, JAMES W. PAPPAS, and
FRANKIE OVANDO as Special Administrator
for the Estate of Atkeem Stevenson,

        Defendants.

ANNESSHA STEVENSON
6353 25th Ave.
Kenosha, WI 53142

---

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT, FRANKIE OVANDO AS SPECIAL ADMINISTRATOR FOR THE ESTATE OF ATKEEM STEVENSON, AND THIRD-PARTY PLAINTIFF, ANNESSHA STEVENSON'S COUNTERCLAIM AND CROSSCLAIM**

---

Plaintiff, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), by and through its undersigned attorney, for its Answer and Affirmative Defenses to Defendant, FRANKIE OVANDO, as Special Administrator for the Estate of Atkeem Stevenson, ("Estate"), and Third-Party Plaintiff, ANNESSHA STEVENSON's ("Ms. Stevenson"), Counterclaim and Crossclaim, states as follows:

## PARTIES

    1.    Realleges and incorporates by reference herein the answer of the Estate of Atkeem Stevenson to the complaint filed by the plaintiff, Scottsdale Ins. Co.

    **ANSWER:**  Scottsdale asserts that Paragraph 1 does not contain any factual allegations to which an answer is required.

    2.    The third-party plaintiff, Annessha Stevenson, is a minor citizen and resident of the State of Wisconsin, residing at 6353 25th Ave., Kenosha, WI 53142.

**ANSWER:** Scottsdale lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 2.

3. Atkeem Stevenson was an adult resident of the State of Wisconsin and father of Annessha Stevenson. Atkeem Stevenson died on April 18, 2021. Letters of Special Administration were issued to Attorney Frankie Ovando, which appointed her the Special Administrator of the Estate of Atkeem Stevenson on May 17, 2022.

**ANSWER:** Scottsdale admits that Atkeem Stevenson was an adult resident of the State of Wisconsin and that he died on April 18, 2021. Scottsdale further admits that Ovando was appointed as Special Administrator for the Estate. Scottsdale lacks knowledge or information sufficient to form a belief as to the truthfulness of the remaining allegations of Paragraph 3.

4. Scottsdale is an insurance corporation that does substantial business in the State of Wisconsin, County of Kenosha. Scottsdale issued a policy of liability insurance to the defendants, Geebo and Pappas, wherein Scottsdale agreed to insure the defendants against damages, up to $2,000,000.00, for which Geebo and Pappas might be liable to the plaintiffs. Said policy was in full force and effect of at the time of the incident. Scottsdale reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims. Scottsdale is directly liable to the plaintiffs for all of the plaintiffs' injuries and damages as set forth herein.

**ANSWER:** Paragraph 4 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale admits that it is an insurance corporation and that it issued a policy of liability insurance to Defendants Geebo, which speaks for itself and is subject to all of the Policy's terms, conditions, exclusions, and limitations. Scottsdale denies the allegations of Paragraph 4 that otherwise mischaracterize the provisions of the Policy. Scottsdale also denies any liability to the Estate or Ms. Stevenson. Scottsdale further denies the remaining allegations of Paragraph 4.

5. Defendant Geebo LLC is a limited liability company organized under the laws of Wisconsin, with its principal place of business in Kenosha, Wisconsin. Its members are Thomas and Peter Gochis, each of whom is a citizen of Wisconsin. Geebo is the owner and employer of a tavern known as The Somers House Tavern, which is located at 1548 Sheridan Rd., Somers, Wisconsin.

**ANSWER:** Scottsdale admits the first two sentences of Paragraph 5, as well as that Geebo owns The Somers House Tavern at the location alleged. Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations of Paragraph 5.

6. Defendant James Pappas is the owner and landlord the property where Somers House Tavern is located and had joint responsibility for the operations of Somers House Tavern and for the maintenance and operation of the premises.

**ANSWER:** Scottsdale admits that Pappas was the owner and landlord for the property where Somers House Tavern is located. Paragraph 6 otherwise contains legal conclusions for which no answer is required. To the extent an answer is required for those allegations, Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations of Paragraph 6.

7. Pappas and Geebo are jointly referred to herein as "Somers House Tavern."

**ANSWER:** Scottsdale asserts that Paragraph 7 does not contain any factual allegations to which an answer is required.

## ALLEGATIONS

8. Atkeem Stevenson was an invitee and frequenter of Somers House Tavern on April 17, 2021, into the early morning of April 18, 2021.

**ANSWER:** Paragraph 8 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 8.

9. That night, Atkeem Stevenson was shot and killed at Somers House Tavern.

**ANSWER:** Scottsdale admits the allegations of Paragraph 9.

10. In the five years preceding April 18, 2021, the Kenosha County Sheriff's Office was called hundreds of times to respond to incidents at Somers House Tavern, including five instances involving weapons, sixteen fights, five sex crimes, and twelve batteries.

**ANSWER:** Scottsdale lacks knowledge or information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 10.

11. Somers House Tavern was aware of the frequency of violence and crime within its premises and failed to take reasonable steps to keep its patrons safe. Somers House Tavern had a duty to take precautions to screen for patrons with weapons and to screen for capacity, and to ensure its guests had a reasonable and safe means of egress in the event of an emergency or threat.

**ANSWER:** Paragraph 11 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 11.

12. On April 17 and 18, 2021, Somers House Tavern failed to have security at its entrance, failed to check ID's, failed to monitor the capacity of the crowd, failed to screen for weapons, and failed to screen for dangerous or intoxicated patrons.

**ANSWER:** Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 12.

13. According to guests that night, Somers House Tavern was overcrowded. One guest described not being able to push through the crowd to get to the restrooms inside of Somers House. Upon information and belief, Somers House Tavern was over its legal attendance capacity at all material times. Somers House Tavern was aware that the overcrowding prevented the safe movement and egress of its invitees and frequenters.

**ANSWER:** Paragraph 13 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 13.

14. Because the capacity was not being adequately screened, Rakayo Vinson was able to walk into Somers House Tavern with a firearm, despite being in an obviously agitated and intoxicated state and despite the bar being over its legal and/or safe attendance capacity. A reasonable tavern would not have permitted Rakayo Vinson into the tavern.

**ANSWER:** Paragraph 14 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 14.

15. During the course of the night, Rakayo Vinson was being aggressive and attempted to start fights with multiple guests and staff members. This was known and observed by the employees at Somers House Tavern. Rakayo Vinson did not know any of the guests that he was harassing.

**ANSWER:** Paragraph 15 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 15.

16. Staff of Somers House Tavern's repeatedly tried to calm Rakayo Vinson and attempted to separate him from guests but did not remove him from the establishment.

**ANSWER:** Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 16.

17. After multiple altercations, a managing employee of Somers House Tavern took Rakayo Vinson to the bathroom to calm him down, but Rakayo Vinson was allowed to stay his behavior and the overcrowding at the establishment.

**ANSWER:** Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 17.

18. Guests of Somers House Tavern, including Atkeem Stevenson, were scared of Rakayo Vinson due to his behavior.

**ANSWER:** Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 18.

19. Rakayo Vinson eventually targeted Atkeem Stevenson and Atkeem's friends with his aggression. In response, Atkeem and his friends went outside to Somers House Tavern's patio area to avoid Rakayo Vinson.

**ANSWER:** Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 19.

20. There were numerous people on the patio area, which was also over its legal attendance capacity and/or at a capacity that prevented reasonable egress in the event of an emergency.

**ANSWER:** Paragraph 20 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 20.

21. There was inadequate security in the patio area screening for capacity and monitoring attendees.

**ANSWER:** Paragraph 21 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 21.

22. Eventually, Rakayo Vinson walked out to the patio area. The guests in the patio area, including Atkeem Stevenson, were frightened of Rakayo Vinson.

**ANSWER:** Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 22.

23. Atkeem Stevenson attempted to leave the patio area due to his fear of Rakayo Vinson but was trapped because of the overcrowding of frequenters and invitees in the patio area.

**ANSWER:** Paragraph 23 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 23.

24. Rakayo Vinson pulled out a firearm and began firing at multiple guests and frequenters in the patio area. Rakayo Vinson struck and killed Atkeem Stevenson, among other guests of Somers House Tavern that night.

**ANSWER:** Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 24.

## FIRST CAUSE OF ACTION: AGAINST GEEBO: NEGLIGENCE

25. Realleges and incorporates the allegations of the preceding paragraphs.

**ANSWER:** In answering Paragraph 25, Scottsdale incorporates by reference all previous responses to the allegations of Paragraph 1 through 24 as if specifically listed herein.

26. At all material times, Geebo, was the owner and employer of the place of employment known as Somers House Tavern, and was therefore obligated to exercise due care for the safety of frequenters and/or invitees on said property, including Atkeem Stevenson. At all times material hereto, Geebo, its agents, servants, and/or employees, breached its duty of care and was negligent in that it, amongst other things, failed to provide proper security at the door, failed to provide proper security inside the tavern, failed to provide proper security outside of the tavern, failed to ensure that the establishment was not over capacity, failed to ensure that areas within the establishment were not over capacity, failed to ensure that the establishment's capacity did not present an unreasonable risk of harm, failed to conduct proper security, failed to identify that Rakayo Vinson posed a danger to the plaintiff, failed to screen Rakayo Vinson for weapons, failed to remove Rakayo Vinson from the establishment, was negligent in the hiring, training, and supervision of its employees, and was otherwise negligent.

**ANSWER:** Paragraph 26 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 26.

27. The negligence of Geebo, as alleged, directly and/or proximately caused Atkeem Stevenson to suffer serious injuries and damages, including, pain, suffering, disability, loss of enjoyment of life, medical expenses, death, and other compensable injuries and damages in an amount to be determined at a trial of this matter.

**ANSWER:** Paragraph 27 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 27.

28. As a result of the negligence of Geebo, Annessha Stevenson suffered the loss of society and companionship and loss of financial support from her father, Atkeem Stevenson.

**ANSWER:** Paragraph 28 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale denies the allegations of Paragraph 28.

## SECOND CAUSE OF ACTION: AGAINST PAPAS: NEGLIGENCE

29. Realleges and incorporates the allegations of the preceding paragraphs.

**ANSWER:** In answering Paragraph 29, Scottsdale incorporates by reference all previous responses to the allegations of Paragraph 1 through 29 as if specifically listed herein.

30. At all material times, Pappas, was the owner and employer of the place of employment known as Somers House Tavern, and was therefore obligated to exercise due care for the safety of frequenters and/or invitees on said property, including Atkeem Stevenson. At all times material hereto, Pappas, his agents, servants, and/or employees, breached his duty of care and was negligent in that he, amongst other things, failed to provide proper security at the door, failed to provide proper security inside the tavern, failed to provide proper security outside of the tavern, failed to ensure that the establishment was not over capacity, failed to ensure that areas within the establishment were not over capacity, failed to ensure that the establishment's capacity did not present an unreasonable risk of harm, failed to identify that Rakayo Vinson posed a danger to the plaintiff, failed to screen Rakayo Vinson for weapons, failed to remove Rakayo Vinson from the establishment, failed to evict Geebo, was negligent in the hiring, training, and supervision of his employees, and was otherwise negligent.

**ANSWER:** Paragraph 30 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 30.

31. The negligence of Pappas, as alleged, directly and/or proximately caused Atkeem Stevenson to suffer serious injuries and damages, including, pain, suffering, disability, loss of enjoyment of life, medical expenses, death, and other compensable injuries and damages in an amount to be determined at a trial of this matter.

**ANSWER:** Paragraph 31 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the allegations of Paragraph 31.

32. As a result of the negligence of Pappas, Annessha Stevenson suffered the loss of society and companionship and loss of financial support from her father, Atkeem Stevenson.

**ANSWER:** Paragraph 32 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale denies the allegations of Paragraph 32.

## THIRD CAUSE OF ACTION:
## AGAINST GEEBO: SAFE PLACE VIOLATION

33. Realleges and incorporates the allegations of the preceding paragraphs.

**ANSWER:** In answering Paragraph 33, Scottsdale incorporates by reference all previous responses to the allegations of Paragraph 1 through 32 as if specifically listed herein.

34. At all times material hereto, Geebo was the owner and employer of the property known as Somers House Tavern. Said premises was a place of employment and/or a public building within the meaning of Sec. 101.11 of the Wisconsin Statutes (the "Safe Place Act"), and the defendant, Geebo, its agents, servants and/or employees, had a duty pursuant to the Safe Place Act to, amongst other things, [a] furnish said premises in a manner which shall be safe for employees therein and for frequenters thereof, [b] furnish and use safety devices and safeguards on said premises, [c] adopt and use methods and processes reasonably adequate to render such premises safe, [d] do every other thing reasonably necessary to protect the life, health, safety, and welfare of employees and frequenters of said premises, and [e] construct, repair and maintain the premises in as safe a manner as reasonably possible.

**ANSWER:** Paragraph 34 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale asserts that Wis. Stat. § 101.11 speaks for itself and denies the

rigid characterization of said statute. Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations of Paragraph 34.

35. Geebo, its agents, servant and/or employees, violated the Safe Place Act by failing to [a] furnish said premises in a manner which shall be safe for employees therein and for frequenters thereof, [b] furnish and use safety devices and safeguards on said premises, [c] adopt and use methods and processes reasonably adequate to render such premises safe, [d] do every other thing reasonably necessary to protect the life, health, safety, and welfare of employees and frequenters of said premises, and [e] construct, repair and maintain the premises in as safe a manner as reasonably possible in that it, amongst other things, failed to ensure that the premises was not overcrowded, failed to ensure that the attendees could vacate the premises in the event of an emergency or threat, failed to screen for weapons, failed to screen its invitees and frequenters for threats, failed to maintain its premises in such a manner as to safely distribute invitees and frequenters in order to prevent overcrowding, failed to design the premises in such a manner as to safely distribute invitees and frequenters in order to prevent overcrowding, failed to ensure a safe egress for invitees and frequenters, failed to use safety devices and safeguards to permit safe egress and prevent overcrowding, failed to use safety devices and safeguards to screen for weapons, and was otherwise in violation of Wisconsin's Safe Place Act.

**ANSWER:** Paragraph 35 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale asserts that Wis. Stat. § 101.11 speaks for itself and denies the rigid characterization of said statute. Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations of Paragraph 35.

36. The violation of the Safe Place Act by Geebo, its agents, servants and/or employees, as alleged, directly and/or proximately caused Atkeem Stevenson to suffer serious injuries and damages, including, pain, suffering, disability, loss of enjoyment of life, medical expenses, death, and other compensable injuries and damages in an amount to be determined at a trial of this matter.

**ANSWER:** Paragraph 36 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale denies the allegations of Paragraph 36.

37. As a result of the Geebo's violation of the Safe Place Act, Annessha Stevenson suffered the loss of society and companionship and loss of financial support from her father, Atkeem Stevenson.

**ANSWER:** Paragraph 37 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale denies the allegations of Paragraph 37.

## FOURTH CAUSE OF ACTION:
## AGAINST PAPPAS: SAFE PLACE VIOLATION

38. Realleges and incorporates the allegations of the preceding paragraphs.

**ANSWER:** In answering Paragraph 38, Scottsdale incorporates by reference all previous responses to the allegations of Paragraph 1 through 37 as if specifically listed herein.

39. At all times material hereto, Pappas was the owner and employer of the property known as Somers House Tavern. Said premises was a place of employment and/or a public building within the meaning of Sec. 101.11 of the Wisconsin Statutes (the "Safe Place Act"), and the defendant, Pappas, his agents, servants and/or employees, had a duty pursuant to the Safe Place Act to, amongst other things, [a] furnish said premises in a manner which shall be safe for employees therein and for frequenters thereof, [b] furnish and use safety devices and safeguards on said premises, [c] adopt and use methods and processes reasonably adequate to render such premises safe, [d] do every other thing reasonably necessary to protect the life, health, safety, and welfare of employees and frequenters of said premises, and [e] construct, repair and maintain the premises in as safe a manner as reasonably possible.

**ANSWER**: Paragraph 39 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale asserts that Wis. Stat. § 101.11 speaks for itself and denies the rigid characterization of said statute. Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations of Paragraph 39.

40. Pappas, his agents, servant and/or employees, violated the Safe Place Act by failing to [a] furnish said premises in a manner which shall be safe for employees therein and for frequenters thereof, [b] furnish and use safety devices and safeguards on said premises, [c] adopt and use methods and processes reasonably adequate to render such premises safe, [d] do every other thing reasonably necessary to protect the life, health, safety, and welfare of employees and frequenters of said premises, and [e] construct, repair and maintain the premises in as safe a manner as reasonably possible in that it, amongst other things, failed to ensure that the premises was not overcrowded, failed to ensure that the attendees could vacate the premises in the event of an emergency or threat, failed to screen for weapons, failed to screen invitees and frequenters for threats, failed to maintain the premises in such a manner as to safely distribute invitees and frequenters in order to prevent overcrowding, failed to design the premises in such a manner as to safely distribute invitees and frequenters in order to prevent overcrowding, failed to ensure a safe egress for invitees and frequenters, failed to use safety devices and safeguards to permit safe egress and prevent overcrowding, failed to use safety devices and safeguards to screen for weapons, failed to evict Geebo, and was otherwise in violation of Wisconsin's Safe Place Act.

**ANSWER:** Paragraph 40 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale asserts that Wis. Stat. § 101.11 speaks for itself and denies the rigid characterization of said statute. Scottsdale lacks knowledge and information sufficient to form a belief as to the truthfulness of the remaining allegations of Paragraph 40.

41. The violation of the Safe Place Act by Pappas, his agents, servants and/or employees, as alleged, directly and/or proximately caused Atkeem Stevenson to suffer serious injuries and damages, including, pain, suffering, disability, loss of enjoyment of life, medical expenses, death, and other compensable injuries and damages in an amount to be determined at a trial of this matter.

**ANSWER:** Paragraph 41 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale denies the allegations of Paragraph 41.

42. As a result of the Pappas's violation of the Safe Place Act, Annessha Stevenson suffered the loss of society and companionship and loss of financial support from her father, Atkeem Stevenson.

**ANSWER:** Paragraph 42 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale denies the allegations of Paragraph 42.

## FIFTH CAUSE OF ACTION:
## AGAINST GEEBO: PUNITIVE DAMAGES

43. Realleges and incorporates the allegations of the preceding paragraphs.

**ANSWER:** In answering Paragraph 43, Scottsdale incorporates by reference all previous responses to the allegations of Paragraph 1 through 42 as if specifically listed herein.

44. Upon information and belief, the above-described wrongful conduct of Geebo, was malicious and done with an intentional or reckless disregard of the rights of the plaintiffs, such as to subject the defendant to punitive damages.

**ANSWER:** Paragraph 44 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale denies the allegations of Paragraph 44.

## SIXTH CAUSE OF ACTION:
## AGAINST PAPPAS: PUNITIVE DAMAGES

45. Realleges and incorporates the allegations of the preceding paragraphs.

**ANSWER:** In answering Paragraph 45, Scottsdale incorporates by reference all previous responses to the allegations of Paragraph 1 through 44 as if specifically listed herein.

46. Upon information and belief, the above-described wrongful conduct of Pappas, was malicious and done with an intentional or reckless disregard of the rights of the plaintiffs, such as to subject the defendant to punitive damages.

**ANSWER:** Paragraph 46 contains legal conclusions for which no answer is required. To the extent an answer is required, Scottsdale denies the allegations of Paragraph 46.

## AFFIRMATIVE DEFENSES

1. In the event Mr. Atkeem Stevenson's injuries and/or death were due to the fault or negligence of another or others not in control of Geebo or Pappas, the Estate and Ms. Stevenson's claims must be reduced or barred.

2. In the event the Estate and Ms. Stevenson have failed to join a necessary party, their claims must be dismissed.

3. In the event the Estate and Ms. Stevenson have failed to mitigate their damages, their damages must be reduced or barred.

4. In the event the Estate and Ms. Stevenson have failed to state a claim upon which relief may be granted, their claims must be dismissed.

5. In the event Mr. Atkeem Stevenson's injuries and/or death were caused in whole or in part by the acts or omissions of Mr. Atkeem Stevenson, the Estate and Ms. Stevenson's claims must be reduced or barred by the amount of his comparative fault.

6. An award of punitive damages to the Estate or Ms. Stevenson would violate the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, including Scottsdale's substantive and procedural due process rights, because it would be grossly excessive or wholly disproportionate to the alleged offense. Moreover, there are no objective limitations on the amount or severity of the punitive damages – the imposition of punitive damages based on vague, uncertain, and inherently subjective standards are unconstitutional.

7. The Estate and Ms. Stevenson's claims are barred against Geebo, Pappas, and Scottsdale due to accord and satisfaction, payment, waiver, and release. The Estate agreed to settle its

claims for the payment by Scottsdale of the applicable policy limit, which Scottsdale agreed to pay. The Estate then abrogated or reneged on the agreement.

8. The Estate and Ms. Stevenson's claims against Scottsdale are subject to the terms, conditions, limitations, and exclusions within the subject insurance policy.

9. Scottsdale adopts and incorporates all affirmative defenses raised by Geebo and Pappas.

**WHEREFORE** Defendant, Scottsdale Insurance Company, hereby prays for judgment as follows:

1. Dismissing the Counterclaim and Crossclaim against it;
2. For all other relief it has prayed for;
3. All together with costs.

DATED: July 25, 2022                                              Respectfully submitted,

/s/ Jonathan L. Schwartz
Jonathan L. Schwartz (1099546)
FREEMAN MATHIS & GARY LLP
111 W Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (773) 389-6440
jonathan.schwartz@fmglaw.com
*Attorney for Scottsdale Insurance Company*