UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SCOTTSDALE INSURANCE COMPANY,

        Plaintiff,

                              Case No. 21-cv-1001-bhl

v.

GEEBO, LLC, et al.,

        Defendants.

---

## ORDER GRANTING MOTION TO INTERVENE

---

        Michaela Englert, Special Administrator for the Estate of Cedric Gaston, has moved to intervene in this insurance action. (ECF No. 41.) No party has objected to the motion. Accordingly, because the Estate of Gaston has adequately alleged that it has an interest in the action and that its ability to effectuate that interest might be impaired if the cases proceeds without it, the motion will be granted. *See* Fed. R. Civ. P. 24(a)(2).

        On August 26, 2021, Scottsdale Insurance Company brought this action against Geebo, LLC, James W. Pappas, and the Estate of Atkeem Stevenson alleging that Stevenson attempted to repudiate a binding settlement agreement between the Estate of Stevenson and Scottsdale. (ECF No. 1.) On May 17, 2022, Scottsdale filed an amended complaint adding Defendant Frankie Obando as Special Administrator for the Estate of Atkeem Stevenson. (ECF No. 16.) Scottsdale claims that the Estate of Stevenson improperly retracted a $25,000 settlement offer from Scottsdale to redress a wrongful death claim brought by Atkeem Stevenson's family relating to a shooting incident at Geebo's Somers House Tavern. (*Id.* at 8.) Specifically, the Tavern removed patron Rakayo Vinson following an altercation, who then returned to the establishment with a firearm, shot into the Tavern, and killed Stevenson. (*Id.*) The Estate of Gaston alleges that Vinson also shot and killed Gaston. (ECF No. 41 at 1.) It seeks to protect Gaston's interest in the insurance coverage available under the policy by intervening as a defendant. (*Id.* at 1–2.)

        Under Fed. R. Civ. P. 24(a)(2), the Court must permit intervention if the Estate of Gaston "claims an interest relating to the … transaction that is the subject of the action, and is so situated

that disposing of the action may as a practical matter impair or impede [its] ability to protect its interest," and no existing parties adequately represent that interest." But Rule 24(a) also requires that such a motion be timely, and dispositive motions in this case are due May 31, 2023. (ECF No. 40.) The Estate of Gaston has provided evidence that it only formed the Estate on March 10, 2023 for the purpose of investigating Gaston's death, and so its motion is timely. (ECF No. 41-1.)

Accordingly,

**IT IS HEREBY ORDERED** that the Estate of Gaston's motion to intervene, ECF No. 41, is **GRANTED**.

Dated at Milwaukee, Wisconsin on April 3, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge