THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTTSDALE INSURANCE COMPANY,

       Plaintiff,

Case No. 21– cv-1001-bhl

v.

GEEBO, LLC, JAMES W. PAPPAS, FRANKIE OVANDO as Special Administrator for the ESTATE OF ATKEEM STEVENSON, MICHAELA ENGLERT, as Special Administrator for the ESTATE OF CEDRIC GASTON, KEVIN SERRATOS, THOMAS P. GOCHIS, and JOSEPH P. HURLEY,

       Defendants.

## AFFIDAVIT OF JOHN V. O'CONNOR IN OPPOSITION TO SCOTTSDALE INSURANCE COMPANY'S MOTION TO COMPEL

STATE OF WISCONSIN  )
                            )ss
KENOSHA COUNTY    )

John V. O'Connor, being first duly sworn on oath, deposes and says:

1. Declarant is an adult resident of the State of Wisconsin and an attorney for Kevin Serratos in the above-captioned matter.

2. This lawsuit arises out of the shooting incident outside a tavern where several patrons were killed or injured.

3. The defendant, Kevin Serratos, was attending a college graduation get-together on the patio of the tavern and was an innocent bystander struck by bullets by one of the participants of the altercation.

4. Kevin Serratos did not participate in the events leading up to the altercation. He was taken from the scene by ambulance and has no firsthand knowledge of the facts surrounding the incident.

5. Several law enforcement agencies responded to the crime scene and conducted extensive investigations, and prepared reports readily available to the public upon request. The shooter, Rakayo A. Vinson (not a party to this action), was tried and convicted of two homicides and related felonies and is now serving a life sentence.

6. Kevin Serratos commenced an action in state court against the owners and operators of the tavern together with their insurer, Scottsdale Insurance Company.

7. The state action was stayed pending removal of the case to federal court based on diversity of citizenship and consolidated in a declaratory judgment action initiated by Scottsdale Insurance Company, Case Number 21-cv-1001-bhl.

8. Scottsdale's Second Amended Complaint, ECF No. 49, Page 1, describes the nature of the case as seeking declaratory relief that the policy it issued limits coverage to $25,000 and that the defendant, Estate of Atkeem Stevenson, entered a binding agreement to settle its claim against Scottsdale for $25,000.

9. In the proceedings involving the initial complaint in this action, an Order, ECF No. 34 was entered, staying the proceedings pending the resolution of Scottsdale's primary claims on the issues of settlement and coverage. Under the Order, the court was to set discovery deadlines on settlement and coverage claims, and if all issues were not resolved on those motions, "a new scheduling order setting discovery and dispositive motion deadlines on the cross-claims and counterclaims."

10. When additional parties were added to the suit and all the claims, counterclaims, and cross-claims were consolidated into one action, the court entered a new Order, ECF No. 70, staying the proceedings and limiting discovery by referencing its original September 30, 2022 Order. Considering the context in which the Orders were entered, the court would resolve the coverage and settlement issues by pretrial motions and a scheduling conference would then address the deadlines for discovery and further proceedings at that scheduling conference.

11. The cross-claims and counterclaims involve disputed questions of fact concerning liability and damages and are not likely to be resolved by pretrial motions.

12. No discovery should be necessary because Scottsdale's claims appear to be a pure issue of law concerning the interpretation of an insurance contract and the settlement agreement that did not involve the knowledge or consent of Kevin Serratos.

13. Your affiant believes that Scottsdale's motive involving this discovery is to remove the defendant, James Pappas, from this action, who your affiant believes to be an attorney with potentially deep pockets.

14. Scottsdale's declaratory action is based on contract. The defendants' cross-claims and counterclaims are based on tort theories. There will be few, if any, common questions of fact relating to the contract claims, and those facts are already known or available to all of the parties in public records.

15. The Interrogatories attached to the Motion to Compel of Scottsdale's Attorney, Jonathan L. Schwartz, ECF No. 82 Exhibit A are only relevant to the defendant's cross-claim and counterclaims and are prohibited by the court's previous Orders.

Further, the information being sought is contained in the investigating agencies public records, which information is readily available to all parties and interpretation of their relevance is protected by attorney work product.

16. If there is no deep pocket left as a potential target, Kevin Serratos's claims will probably be withdrawn, and the cost of discovery will result in an unnecessary waste of time and money on behalf of the victims.

17. The attorney for Scottsdale believes that the discovery sent is relevant and allowed under the court's previous Orders. Your affiant believes that the discovery is irrelevant and it is prohibited by those Orders.

18. If the court feels that Scottsdale's discovery is appropriate and allowed under the previous orders, then Kevin Serratos respectfully requests that he be given additional time to respond.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted this 24th day of January 2024.

                THE LAW OFFICES OF
                JOHN V. O'CONNOR, LLC
                Attorney for Defendant Kevin Serratos

By:    <u>Electronically Signed by John V. O'Connor</u>
       John V. O'Connor
       State Bar No. 1014548
       7500 Green Bay Road, Suite 201
       Kenosha, WI 53142
       (262) 605-8400
       (262) 605-8403 (Fax)