UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTTSDALE INSURANCE COMPANY,

        Plaintiff,

                              Case No. 21-cv-1001-bhl

  v.

GEEBO, LLC, et al.,

        Defendants.

## ORDER GRANTING MOTION TO DISMISS COUNTS III AND IV OF THE AMENDED CROSS-CLAIMS

      This lawsuit concerns civil claims arising from a shooting that left two men, Atkeem Stevenson and Cedric Gaston, dead at a Kenosha, Wisconsin tavern during the early morning hours of April 18, 2021. (ECF No. 49 ¶¶3, 21–22, 28.) The Court granted a prior motion to dismiss regarding Plaintiff Scottsdale Insurance Company's claim seeking an order enforcing a purported settlement agreement with Stevenson's Estate. (ECF No. 74.) Stevenson's Estate then answered Scottsdale's amended complaint on November 1, 2023 and filed a cross-claim against Defendants Geebo, LLC and James W. Pappas claiming in part that they, as owners and employers of the Somers House Tavern, failed in their duty to repair or maintain the premises in as safe a condition as the premises reasonably permits in violation of Wisconsin's Safe Place Statute. (ECF No. 75 ¶¶34–43.) In particular, Stevenson's Estate points to the failure to (1) prevent overcrowding, (2) allow safe egress, and (3) screen for weapons. (*Id.* ¶¶36, 41.) On November 3, 2023, Defendants Geebo and Pappas moved to dismiss these claims, insisting that the Safe Place Statute does not apply in the circumstances alleged. (ECF No. 76.) Stevenson's Estate has not responded to the motion. Because the Court agrees with Geebo and Pappas, their motion will be granted.

      Wisconsin's Safe Place Statute imposes a duty on employers and premises owners to furnish safe employment for its employees and a safe premises for its frequenters. *See* Wis. Stat. § 101.11. In doing so, the statute creates a higher standard of care than ordinary negligence. *Megal v. Green Bay Area Visitor & Convention Bureau, Inc.*, 682 N.W.2d 857, 861 (Wis. 2004). The

duties imposed "require[] an employer or owner to make the place as safe as the nature of the premises reasonably permits." *Id.* (internal quotation omitted).

The Wisconsin Supreme Court has confirmed, however, that while the statute creates this higher standard of care for unsafe *conditions* of the premises, it does not apply to *activities* conducted on the premises. *See Leitner v. Milwaukee County*, 287 N.W.2d 803, 807 (Wis. 1980). In *Leitner*, the plaintiff sought to hold Milwaukee County Zoo liable under Wisconsin's Safe Place Statute for the death of a security guard during a burglary of the zoo's offices. *See id.* at 804. Because this alleged conduct related to activities conducted on the zoo's premises and not any unsafe condition of the premises, the Wisconsin Supreme Court held that Leitner's complaint failed to state a claim under the statute. *Id.* at 807. The state supreme court has confirmed this principle many times. *See, e.g.*, *Hofflander v. St. Catherine's Hosp., Inc.*, 664 N.W.2d 545, 572 (Wis. 2003); *Korenak v. Curative Workshop Adult Rehab. Ctr.*, 237 N.W.2d 43, 47 (Wis. 1976); *Barth v. Downey Co.*, 239 N.W.2d 92, 94–95 (Wis. 1976).

Stevenson's Estate's cross-claims based on the Safe Place Statute are barred by this *Leitner* rule. The statute does not protect against "reckless or negligent acts of persons on the premises." *Hofflander*, 664 N.W.2d at 572. The alleged conduct creating a violation of the Safe Place Statute is the security and overcrowding of the tavern connected to the shooter's chaotic and violent behavior at the tavern. (*See* ECF No. 75 ¶¶36, 41.) These allegations concern activities on the premises, not any physical condition of the premises. Stevenson's Estate does not dispute this. Therefore, the Court will grant Geebo and Pappas's motion to dismiss Stevenson's Estate's Safe Place Statute cross-claims.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Geebo and Pappas's motion to dismiss Counts III and IV of Stevenson's Estate's amended cross-claims, ECF No. 76, is **GRANTED**.

Dated at Milwaukee, Wisconsin on February 1, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge