UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTTSDALE INSURANCE COMPANY,

        Plaintiff,

        v.                                              Case No. 21-cv-1001-bhl

GEEBO, LLC, et al.,

        Defendants.

## ORDER DISMISSING CASE

      This lawsuit concerns a host of civil claims arising from a fatal shooting that took place at the Somers House tavern during the early morning hours of April 18, 2021. The case began on August 26, 2021, when Plaintiff Scottsdale Insurance Company (Scottsdale) filed a declaratory judgment complaint invoking the Court's diversity jurisdiction. (ECF No. 1.) Since that initial filing, the number of parties and pleadings has expanded, and the pleadings have been amended and supplemented with additional crossclaims and counterclaims. (*See* ECF Nos. 20, 25, 54, 69 & 75.) The counterclaims also depended on the Court's diversity jurisdiction, while the crossclaims were brought under the Court's supplemental jurisdiction. (*See* ECF Nos. 20, 25, 43, 54, 69 & 75.) On July 5, 2023, in an effort to streamline the avalanche of filings, the Court stayed all proceedings on the crossclaims and counterclaims, pending the resolution of Scottsdale's underlying claims. (ECF No. 70.)

      The Court has since issued two substantive orders on the merits of Scottsdale's claims. On October 23, 2023, the Court rejected Scottsdale's claim for a declaration that a settlement agreement reached with one of the shooting victim's estates was valid and enforceable. (ECF No. 74.) On December 20, 2024, the Court granted Scottsdale's motion for summary judgment on its remaining claims concerning its insurance coverage obligations relating to the shooting. (ECF No. 111.) The granting of Scottsdale's motion had the effect of mooting all claims against it, leaving only state law crossclaims. (*See* ECF Nos. 20, 25, 43, 54, 69 & 75.)

On January 3, 2025, the Court set a scheduling conference for February 14, 2025 to determine how to move the stayed portion of the case to resolution. (ECF No. 112.) On January 9, 2025, Defendant Kevin Serratos filed a motion to remand, arguing that the resolution of Scottsdale's claims deprived this Court of diversity jurisdiction.[1] (ECF No. 113.) When the parties failed to timely file a Rule 26(f) report, on February 10, 2025, the Court ordered them to do so by 5:00 p.m. on February 12, 2025. (ECF No. 116.) The Court also acknowledged Serratos's pending motion to remand and advised that the parties should indicate if they wished the Court to relinquish jurisdiction (without prejudice) over the remaining state law crossclaims. (*Id.*)

On February 10, 2025, Serratos moved to "submit incomplete Rule 26(f) Report," asserting again that there is no longer diversity jurisdiction and that the case should be dismissed. (ECF No. 117.) The remaining parties filed a joint Rule 26(f) report the same day, indicating they are in agreement that the Court should relinquish jurisdiction over the remaining state law claims and dismiss the case. (ECF No. 119.) Given the parties' filings, the Court will dismiss the case without prejudice. *See* 28 U.S.C. §1367(c)(3). Serratos's motion to remand and his motion related to the Rule 26(f) report are denied as moot. Accordingly,

**IT IS HEREBY ORDERED** that all remaining claims are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that the scheduling conference set for February 14, 2025, is **ADJOURNED.**

**IT IS FURTHER ORDERED** that Serratos's motion to remand, ECF No. 113, is **DENIED as moot.**

**IT IS FURHER ORDERED** that Serratos's 26(f) motion, ECF No. 117, is **DENIED as moot.**

Dated at Milwaukee, Wisconsin on February 12, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] Serratos's motion for remand is defective in several ways. As an initial matter, this case was never pending in state court; it was filed as a declaratory judgment action in this Court in the first instance. It therefore cannot be "remanded." *See* 28 U.S.C. §1447. Moreover, even if the case had previously been removed, the Court's ruling on Scottsdale's motion does not deprive it of jurisdiction. The rule in federal court is that both complete diversity and the amount in controversy requirements must be satisfied at the time diversity jurisdiction is pleaded. *See Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 809 (7th Cir. 2017). Subsequent events and rulings do not deprive the Court of jurisdiction that it properly exercised at the case's inception. *See id.*